```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

   VINCENT N. CEFALU                           CIVIL ACTION

   VERSUS                                      NO: 12-1377

   TANGIPAHOA PARISH SHERIFF                   SECTION: "H" (1)
   DANIEL EDWARDS, et al.
```

### ORDER

During the pre-trial conference in this matter, the Court ordered the parties to submit their respective expert reports to the Court for a determination of admissibility. (Rec. Doc. 36) Upon review of the reports, the Court issued a short order disallowing the proposed expert testimony. (Rec. Doc. 37) Having considered the expert reports, the Court now issues its written reasons.

### BACKGROUND

This matter arises from Plaintiff Vincent N. Cefalu ("Cefalu")'s claims for civil rights violations under 42 U.S.C. § 1983 and for state law negligence. On the evening of September 9, 2011, the Tangipahoa Sheriff's Office responded to a vehicular accident on a rural highway in which Cefalu's son was involved

but not injured. One of the victims of the accident was, however, seriously injured. After Cefalu and other members of his family arrived at the scene, he alleges that Deputy Johnathan Edwards falsely arrested him, though Defendants argue that the arrest was reasonable because Cefalu continually interfered with the officers and other first responders' attempts to manage the scene. Deputy Edwards handcuffed Cefalu and placed him in a police vehicle. After about 45 minutes, Cefalu was released with a citation for interfering with medical personal.

As a result, Cefalu filed a complaint alleging claims of excessive force, false arrest, and state law negligence. Following the pretrial motions of the parties, Cefalu's only remaining claims are a claim for false arrest against Deputy Jonathan Edwards and a claim for state law negligence against both Deputy Edwards in his individual capacity and Sheriff Daniel Edwards in his official capacity. (Rec. Doc. 28) A jury trial is set for October 15, 2013.[1]

At the pretrial conference held on September 26, 2013, plaintiff indicated that Lloyd Grafton, a police procedures expert would testify at trial. Defendants also indicated that

---

[1] For a full recital of the facts, see this Court's Order and Reasons dated July 2, 2013. (Rec. Doc. 28)

2

they planned to introduce the testimony of a police procedures expert, George Armbruster, Jr.. Following this conference, the Court then took the expert reports under consideration to determine the admissibility of the proposed testimony.

## **DISCUSSION**

Federal Rule of Evidence 704 permits the use of expert opinion testimony that will embrace an ultimate issue to be decided by the trier of fact. FED. R. EV. 704. This rule does not, however, permit an expert to render conclusions of law. United States of America v. $9,041,598.68, 163 F.3d 238, 255 (5th Cir.1998) (citing Snap-Drape, Inc. v. Commissioner of Internal Revenue, 98 F.3d 194 (5th Cir.1996)). In a jury trial, allowing such testimony has been found to be not only unhelpful, but also harmful, because

> the jury would be very susceptible to adopting the expert's conclusion rather making its own decision. There is a certain mystique about the word "expert" and once the jury hears of the [expert]'s experience and expertise, it might think the witness even more reliable than the judge. *Id.* [...I]f an expert witness were allowed to testify to legal questions, each party would find an expert who would state the law in the light most favorable to its position. Such differing opinions as to what the law is would only confuse the jury.

Askanase v. Fatjo, 130 F.3d 657, 673 (5th Cir. 1997) (noting that,"[t]here being only one applicable legal rule for each

3

dispute or issue, [trial] requires only one spokesman of the law, who of course is the judge.") Allowing an expert to explain the standard of law at play ultimately "usurp[s] the court's role of instructing the jury on the law." Jarrow v. Cupit, No. 99-3539, 2000 WL 1537989 (E.D. La. Oct. 17, 2000)(Barbier, J.) Therefore, expert testimony that offers a legal opinion is inadmissible. Estate of Sowell v. United States of America, 198 F.3d 169 (5th Cir.1999); Askanase, 130 F.3d at 669. Moreover, "expert testimony on matters which a jury is capable of understanding and deciding without an expert's help should be excluded." Jarrow, 2000 WL 1537989 at *2.

In the instant matter, the main issue that will be submitted to the jury is both clear and narrow: did Deputy Edwards have probable cause to arrest the plaintiff? This issue ultimately asks the jury to determine whether the officer's actions were reasonable, and a jury does not need the assistance of a police procedures expert to make this determination. Id. (finding that plaintiff's police procedures expert could not testify at a trial where the issues included a claim for false arrest and a violation of the Fourth Amendment). Moreover, allowing competing experts to explain the law would likely muddle the jurors' understanding of the applicable standard, which will be clearly provided to them by the trial judge's reading of the jury

instructions. Therefore, because the Court finds the proposed testimony to be unhelpful, potentially confusing, and susceptible to supplanting the role of the factfinder, it must be excluded.

Accordingly,

**IT IS ORDERED** that the testimony of plaintiff's expert, Lloyd Grafton, and the testimony of defendant's expert, George Armbruster, Jr. is inadmissible at trial.

New Orleans, Louisiana, this 10th day of October, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE