UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT N. CEFALU                          CIVIL ACTION

VERSUS                                     NO: 12-1377

TANGIPAHOA PARISH SHERIFF                  SECTION: "H"(1)
DANIEL EDWARDS, ET AL.

### ORDER

Before the Court is Defendant Sheriff Daniel Edwards and Defendant Deputy Johnathan Edwards ("Defendants")'s **Motion in Limine (Rec. Doc. 41)**, and Plaintiff Vincent Cefalu ("Plaintiff")'s opposition thereto (Rec. Doc. 49). The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendants' motion should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

**1. Grafton Report and Curriculum Vitae**

The Court recently ruled that the testimony of Plaintiff's expert, Lloyd Grafton, is inadmissible at trial, thus Defendants request that Grafton's report and curriculum vitae be excluded from evidence as well because there will not be a witness to authenticate or lay a foundation for the expert report and curriculum vitae. Defendants further argue that because the report focuses on excessive force and Plaintiff's excessive force claims have been dismissed, the probative value of the report is

1

outweighed by its prejudice. Plaintiff did not oppose these contentions and the Court finds that the arguments have merit; therefore, the motion in limine is **GRANTED** with respect to Grafton's expert report and curriculum vitae.

### 2. Prior Shooting

Defendants argue that any evidence or testimony regarding Deputy Edwards' prior on-duty shooting should be excluded. Defendants aver that, because Plaintiff's excessive force claims have been dismissed, and because Deputy Edwards was determined to have been justified in his prior actions, the probative value of this evidence is outweighed by its prejudicial value. Plaintiff did not oppose these contentions, and the Court finds that the arguments have merit; therefore, the motion in limine is **GRANTED** with respect Deputy Edwards' prior on-duty shooting.

### 3. Employment Prior to Tangipahoa Parish Sheriff's Office

Defendants argue that any evidence or testimony regarding Deputy Edwards' previous employment with and termination from the St. Tammany Parish Sheriff's Office should be excluded because he was terminated over 10 years ago and it is irrelevant to this matter. Plaintiff did not oppose these contentions and the Court finds that the arguments have merit; therefore, the motion in limine is **GRANTED** with respect to Deputy Edwards' prior employment with the St. Tammany Parish Sheriff's Office.

**4. Dr. Shamieh's Records**

Defendants contend that Plaintiff's medical records from Dr. Shamieh must be excluded because (1) Plaintiff did not disclose the records until October 4th, and (2) Plaintiff does not list Dr. Shamieh or his records on his witness and exhibit list or in the pre-trial order. In his opposition, Plaintiff mainly addresses the authentication issues with and cumulative nature of these records, which is not at issue in this motion.[1] Further, upon a finding that Plaintiff did not timely produce these records to the prejudice of the Defendants, the motion in limine is **GRANTED** as it relates to Dr. Shamieh's records.

**5. Dr. Krefft's Video Deposition**

Defendants aver that, because Dr. Krefft was not listed as a witness in the Plaintiff's witness and exhibit lists or in the pre-trial order, the video deposition of Dr. Krefft must be excluded. Plaintiff avers, however, that Dr. Krefft was deposed several months ago in the presence of counsel for the Defendants, and that Plaintiff's intent to use the deposition at trial was made clear in the pre-trial order when he listed Dr. Krefft under the heading "Deposition Testimony To Be Offered Into Evidence." Therefore, the motion in limine is **DENIED** as it relates to the video deposition of

---

[1] Defendants do challenge the authenticity and cumulative nature of the records in their objections to the Plaintiff's exhibits, but those objections are separate from the instant motion in limine and will be ruled upon on the morning of the trial, if necessary.

Dr. Krefft.

**6. Anthony Zuppardo, D.C. as a "Back Injury Expert"**

Defendants contend that, though they were aware that Zuppardo would be called as a fact witness, Plaintiff designated Zuppardo as a "back injury expert" for the first time in the pre-trial order. In his opposition, Plaintiff agrees to call Zuppardo as a fact witness only. Therefore, the motion in limine is **GRANTED** as it relates to the Plaintiff's attempt to designate Zuppardo as a back injury expert.

New Orleans, Louisiana, this 11th day of October, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE